IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Jerome Staples, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:11cv182 (CMH/TRJ) |
| | ) | |
| Gerri Levister, | ) | |
|     Respondent. | ) | |

MEMORANDUM OPINION

Jerome Staples, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the computation of his sentence by the Bureau of Prisons ("BOP"). Respondent filed a motion for summary judgment, with a supporting memorandum and exhibits, and advised petitioner of his right to file responsive materials, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Civil Rule 7(K). On July 29, 2011, petitioner filed a response,[1] to which respondent replied on August 11, 2011. For the reasons which follow, respondent's Motion for Summary Judgment will be granted, and summary final judgment will be entered in her favor. Petitioner's cross-motion for summary judgment will be denied.

I. Background

The following material facts are uncontroverted. On June 1, 1999, Staples was sentenced in the United States District Court for the Middle District of Pennsylvania to serve forty-one (41)

---

[1] Petitioner apparently mistakenly provided respondent with two copies of his response, and did not file a copy with the court. When counsel for respondent saw that the response did not appear on the docket, he noticed the filing of an exhibit consisting of petitioner's response. Dkt. 13.

months incarceration followed by a three-year term of supervised release for conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846. Resp. Ex. 1, ¶ 6.[2] Staples commenced the service of his sentence on that same day, and through the receipt of prior custody credit, he was released from BOP custody to supervised release on September 7, 2001. Id., ¶ 7.

On June 16, 2004, while Staples was still on federal supervised release, he was arrested by Pennsylvania authorities on multiple charges, including robbery, conspiracy, and simple assault. On August 20, 2004, Staples accrued more charges in Pennsylvania, including terroristic threats, carrying a firearm without a license, and corruption of minors. Id., ¶ 8.[3] As the result of these state charges, the Middle District of Pennsylvania issued an arrest warrant for Staples, charging him with violating the terms of his supervised release. Id., ¶ 9.

On April 14, 2005, Staples was sentenced by a Pennsylvania court to serve nine (9) to twenty-three (23) months in prison for his conviction of simple assault and conspiracy. Staples received credit for time served in state prison between June 17, 2004 and April 14, 2005, and he was immediately paroled to the federal detainer that was lodged pursuant to the supervised release warrant. The remainder of his state charges were dismissed. Id., ¶ 10.

---

[2] Respondent's Exhibit 1 consists of the affidavit of Julie A. Roland, a Management Analyst at the BOP's Designation and Sentence Computation Center. She has been employed by the BOP since July, 1995, and has held her current position since November, 2007. Resp. Ex. 1, ¶ 1.

[3] In his response to the government's argument, Staples takes issue with this chronology, insisting that he was given all of his Pennsylvania charges at the same time. Dkt. 13, Ex. A, ECF 3. However, the records supplied by respondent expressly list two separate arrest dates for the two sets of Pennsylvania offenses. Resp. Ex. 1, Att. 3. Moreover, even were that not so, whether the two sets of charges were imposed simultaneously is not a material fact, cf. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), so such a discrepancy would not preclude summary adjudication of Staples' claims.

About three weeks later, on May 4, 2005, Staples was sentenced by the Middle District of Pennsylvania to an eighteen-month federal sentence for violating his supervised release. Id., ¶ 11. The sentence commenced that same day, and the BOP awarded prior custody credit for the time Staples served in federal prison from April 15, 2005 (when he was paroled from his Pennsylvania state sentence) to May 3, 2005 (the day prior to the imposition of the federal sentence). The BOP also awarded prior custody credit for June 16, 2004, because it could not be verified that Staples had received credit for that day against his state sentence. These calculations resulted in a projected release date of August 5, 2006. Id., ¶ 12.

On September 28, 2005, while Staples was still serving the sentence imposed for his violation of his federal supervised release, he was indicted in the Middle District of Pennsylvania for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922 (g). Id., ¶ 14. He was convicted of that offense following a jury trial on July 14, 2006, and the Court ordered that he be detained pending sentencing. Id., ¶ 15.

On August 4, 2006, before Staples was sentenced for the firearms offense, he completed his term of imprisonment for violating his supervised release. However, he remained in custody pending sentencing for the firearms offense, which occurred on November 9, 2006. At that proceeding, Staples received a sentence of eighty-seven (87) months incarceration. Id., ¶ 17. The court adjusted the sentence downward by ten (10) months pursuant to U.S.S.G. § 5G1.3 for the time Staples had served in Pennsylvania on his related state sentence from June 15, 2004 to April 14, 2005. Id., ¶ 18. Staples commenced the service of this sentence on the date it was imposed, and the BOP awarded him prior custody credit for the time he served in federal prison from August 5, 2006 (the day after he completed the service of his sentence for violating his

3

supervised release) to November 8, 2006 (the day before the current sentence was imposed). The BOP has calculated Staples' projected release date to be November 28, 2012. Id., ¶ 19.

On June 1, 2011, the BOP considered Staples' request for a *nunc pro tunc* designation.[4] However, because Pennsylvania released Staples from custody on April 14, 2005, and Staples' federal sentences were not imposed until May 5, 2004 and November 9, 2006, the state sentence never ran concurrent with either of the federal sentences. Id., ¶ 22. Therefore, the BOP determined that Staples was not eligible for *nunc pro tunc* designation. Id.

In his petition for habeas relief pursuant to § 2241, Staples argues that the BOP erred in failing to grant him *nunc pro tunc* designation as well as prior custody credit for the time he served in Pennsylvania custody. In his response opposing respondent's motion for summary judgment, Staples adds a claim that he is entitled to credit against his current federal sentence for the eighteen months he previously spent in federal custody for violation of his supervised release. Respondent does not challenge any of these claims on the basis of the exhaustion requirement.[5]

---

[4] A *nunc pro tunc* designation seeks to have the BOP designate a prisoner's prior facility of state custody as the place of federal custody for purposes of a federal sentence. The result is that time served in state custody is credited against the time the inmate must serve on a federal sentence, in effect causing the state and federal sentences to run concurrently. See Trowell v. Beeler, 135 Fed. App'x 590, 593 (4th Cir. 2005).

[5] In the context of federal habeas petitions challenging sentence computations, parole determinations, or good time credits calculations, courts require petitioners first to exhaust their administrative remedies. See United States v. Wilson, 503 U.S. 329, 335-36 (1992) (holding that Congressional changes to 18 U.S.C. § 3568 did not divest the Federal Bureau of Prisons ("BOP") of the authority to compute federal prisoners' sentences and noting that federal prisoners may seek judicial review of these computations after exhaustion of their administrative remedies); United States v. Bayless, 940 F.2d 300, 304-305 (8th Cir. 1991) (refusing to reach petitioner's challenge to computation of his sentence because petitioner had failed to exhaust his administrative remedies with the BOP); United States v. Lucas, 898 F.2d 1554, 1555-56 (11th Cir. 1990) (holding that a dissatisfied prisoner may only avail himself of judicial review after an adverse administrative decision by the BOP regarding his sentence calculation). Although the Fourth Circuit apparently has

Accordingly, this matter is now ripe for review on the merits.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will

---

yet to provide binding authority addressing this issue, it has required exhaustion in several unpublished opinions. See Carter v. Stansberry, 158 Fed. App'x 513, 2005 WL 3556056 (4th Cir. Dec. 29, 2005) (affirming dismissal without prejudice of § 2241 application for petitioner's failure to exhaust administrative remedies); Straughter v. Stansberry, 140 Fed. App'x 494, 2005 WL 1820820 (4th Cir. Aug. 3, 2005) (same); Locklear v. Stansberry, 126 Fed. App'x 153, 2005 WL 927644 (4th Cir. Apr. 21, 2005) (same); United States v. Harris, 11 Fed. App'x 108, 2001 WL 378337 (4th Cir. Apr. 16, 2001) (noting that "[t]o the extent that Harris seeks to challenge the computation of his sentence through a § 2241 petition, he must first exhaust administrative remedies" (citing Wilson)).

identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

The computation of federal sentences is solely within the purview of the BOP. Wilson, 503 U.S. at 335. In any such instance, the BOP must make two separate determinations: (1) the date on which the federal sentence commences, and (2) the extent to which the defendant can receive credit for prior time spent in custody. Chambers v. Holland, 920 F.Supp. 618, 621 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996). In Staples' case, both components of this equation were calculated appropriately.

Pursuant to 18 U.S.C. § 3585(a), a federal sentence commences

> ... on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

Thus, "[a] federal sentence does not commence until the Attorney General receives the defendant into her 'custody' for service of that sentence." United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998). "When a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence ... may commence if and when the Attorney General or the Bureau

of Prisons agrees to designate the state facility for service of the federal sentence." Id. at 911-12, (citing Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991)). However, the BOP cannot commence a sentence prior to the date it is imposed. See United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998); Holmes v. Stansberry, No. 3:09cv00165, 2010 WL 174106 at *1 (E.D. Va. Jan. 15, 2010). It follows that a court cannot order a sentence to run concurrently with a sentence that has already expired. Id. at 98.

In this case, then, Staples is ineligible for *nunc pro tunc* designation because when he was released from Pennsylvania custody on April 14, 2005, he had not yet been sentenced for his supervised release violation and he had not yet even been indicted for the firearms offense on which his current sentence is based. Because Pennsylvania released Staples prior to imposition of either of his federal sentences, there existed no state sentence with which either federal sentence could have been run concurrently. Cf. Barden, 921 F.2d at 478-80. Accordingly, the BOP's determination that Staples was not eligible for a *nunc pro tunc* designation was correct, and Staples' first claim does not warrant § 2241 relief.

To the extent that Staples argues that he should have received prior custody credit against his federal sentence for the time he was incarcerated in Pennsylvania, his position is likewise without merit. Pursuant to 18 U.S.C. § 3585(b), prior custody credit is to be awarded against a federal sentence only when it has not been credited against another sentence. Thus, "Congress made it clear that a defendant should not receive a double credit for his detention time." Wilson, 503 U.S. at 337; see also, Nale v. Stansberry, No. 1:08cv823, 2009 WL 1321507 at *4 (E.D. Va. May 11, 2009) (O'Grady, J.). In this case, when the BOP calculated Staples' supervised release sentence, it awarded him prior custody credit for the time he previously served in federal custody

from April 15, 2005 to May 3, 2005, as well as for June 16, 2004, the day he was arrested by Pennsylvania authorities, because there was no verification that this day had been credited against his state sentence. Resp. Ex. 1, ¶ 12. However, Staples was not awarded prior custody credit from June 17, 2004 to April 14, 2005, the time during which he was in Pennsylvania primary custody, because that time had already been credited towards his state sentence. Id., Att. 3 at 9. Subsequently, in calculating Staples' present sentence, the BOP awarded prior custody credit for the time he served in federal prison from August 5, 2006 until November 8, 2006, but again did not award credit for his Pennsylvania incarceration. Id., ¶ 19. Therefore, because all the time Staples spent in state custody between June 16, 2004 and April 14, 2005 was credited against his state sentence, the BOP's failure to credit that same time against his federal sentences was proper, and his contrary argument here must fail.[6]

In his response opposing the respondent's motion for summary judgment, Staples appears to contend that he is entitled to credit for time served for his federal supervised release violation because that prison term was part of his current sentence. Dkt. 13, Ex. A, ECF 5. In this, he is mistaken. Petitioner's eighteen-month sentence for violation of his supervised release was imposed by the Middle District of Pennsylvania on May 4, 2005, and was completed on August

---

[6]Moreover, as respondent points out, Staples actually did receive credit toward his present sentence for the time he spent in Pennsylvania custody when the sentencing court adjusted his term of imprisonment downward by ten months pursuant to U.S.S.G. § 5G1.3. That provision states that where a district court determines both that a defendant previously served time for a related offense that was the basis for an increase in his offense level, and that such time will not be credited by the BOP, the defendant's sentence must be adjusted to reflect that time. Pursuant to that section, the Middle District of Pennsylvania "credited [Staples] ten months for the time he served on [the related Pennsylvania] conviction" and accordingly imposed a sentence that was ten months less than the lower end of the guideline range for his offense. Resp. Ex. 1, ¶ 18; Att. 10 -11. Thus, Staples effectively has already received credit toward his current sentence for the time he served in state custody.

8

4, 2006. Resp. Ex. 1, Att. 5. Several months later, on November 9, 2006, that same court imposed Staples' current sentence for the entirely separate offense of possession of a firearm by a convicted felon. Thus, contrary to petitioner's understanding, the two sentences are distinct, and he is not entitled to credit against his current term of incarceration for the previous sentence he received for violating his supervised release. Therefore, petitioner's request for habeas corpus relief on that basis is without merit.

Lastly, the Court notes that included in Staples' opposition to respondent's summary judgment motion is his own "cross-claim for Summary Judgment under Rule 56," in which he asserts entitlement to such relief based on respondent's alleged "bad faith in their [sic] response and motion for summary judgment, and ... attempt to mislead the court with such info." Dkt. 13, Ex. A, ECF 4. However, careful review of the exhibits supplied by the respondent reveals no evidence or even suggestion of any such misconduct, but instead leads to the conclusion that respondent's allegations of fact and law are accurate and well supported. Accordingly, petitioner's cross-motion for summary judgment will be denied.

### IV. Conclusion

For the foregoing reasons, respondent's motion for summary judgment will be granted, and summary final judgment will be entered in her favor. Petitioner's cross-motion for summary judgment will be denied. An appropriate Order shall issue.

Entered this 21st day of November 2011.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia